UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NATASHA WAINBERG** ) | |
| ) | **Case Number** |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **CIVIL COMPLAINT** |
| ) | |
| **ASSET ACCEPTANCE, LLC** ) | |
| ) | **JURY TRIAL DEMANDED** |
| **Defendant.** ) | |
| ) | |
| ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Natasha Wainberg, by and through her undersigned counsel, Brent F. Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1.   Plaintiff, Natasha Wainberg (hereinafter "Plaintiff"), an individual consumer, brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et

seq. ("FDCPA") *and various other State laws*, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.     JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and the Plaintiff resides in this District.

## III.     PARTIES

4. Plaintiff, Natasha Wainberg ("Plaintiff") is an adult natural person residing at 2186 Village Road, Holland PA  18966.

5. Defendant, Asset Acceptance, LLC ("Defendant"), at all times relevant hereto, is and was a Delaware Limited Liability Company engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 15 East Centre Street, Deptford NJ  08096 and a corporate address located at 6985 Miller Road, Warren MI 48092.

6. Defendant is engaged in the collection of debts from consumers using the mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.     FACTUAL ALLEGATIONS

7.      In or around early April 2009, Plaintiff began to receive a series of harassing calls from Defendant at home, work and on her cell phone with regard to collection of an alleged debt, which was incurred while purchasing consumer goods from Victoria's Secret.  The creditor is World Financial Network National Bank.

8.       Plaintiff stated to Defendant that the alleged debt had been paid in full at the time of the aforementioned purchase.  Additionally, Plaintiff explained that she had already disputed the alleged debt with another collection agency and included the proof of payment.  Plaintiff requested that Defendant cease calling her and especially at work.

9.      Defendant, by and through its agents insisted that the alleged debt was late charges and fees charged by Victoria's Secret.  Defendant's agents continued to call Plaintiff, including at work.

10.     On or about April 8, 2009, Plaintiff received a collection notice from Defendant.  See a copy of the collection notice appended hereto and marked "**EXHIBIT A**".

11.     On or about April 12, 2009, Plaintiff sent a certified letter to Defendant, disputing the alleged debt and including the letter previously sent to another collection agency and a copy of the original canceled check, which had been the instrument of payment of the alleged debt in January of 2005.  See copy of the letter and attachments appended hereto and marked "**EXHIBIT B**".

12. Defendant received the letter and signed for it on or about April 20, 2009. See a copy of the certified receipt appended hereto and marked "**EXHIBIT C**".

13. On or about May 12, 2009, twenty-two (22) days after receiving Plaintiff's certified dispute letter, Defendant sent Plaintiff a second collection notice with regard to the alleged debt. See a copy of the collection notice appended hereto and marked "**EXHIBIT D**".

14. Defendant, by and through its agents, continued to call Plaintiff at home, work and on her cell phone.

15. On or about June 23, 2009, Defendant sent Plaintiff a letter responding to her dispute ("**EXHIBIT C**"). See a copy of Defendant's letter appended hereto and marked "**EXHIBIT E**".

16. Defendant's letter ("**EXHIBIT E**") stated that the information Plaintiff had provided was not sufficient for Defendant to process her request. "**EXHIBIT E**" asked for account numbers, current address and requested a copy of any trade-line that Defendant had placed on Plaintiff's credit report.

17. Plaintiff's letter ("**EXHIBIT C**") very clearly listed all the information that Defendant's subsequent letter ("**EXHIBIT E**") demanded. Additionally, Plaintiff had not disputed any trade-line on her credit file but the existence of the alleged debt in light of the fact that she had paid the creditor more than 4 years prior.

18. Defendant violated the FDCPA when it communicated with Plaintiff after she notified them in writing that she had no intention of paying the alleged debt. Defendant's behavior was prohibited and abusive.

19. Notwithstanding the above, Defendant further violated the FDCPA when it attempted to continue to collect an alleged debt which was disputed with documented evidence.

20. Defendant actions, as stated in paragraphs 7-18, were intentionally negligent and caused the Plaintiff a great deal of emotional distress and frustration.

21. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

22. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

23. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

24. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

25. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT ONE – FDCPA.

26. The above paragraphs are hereby incorporated herein by reference.

27. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

28. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 1692c(a)(1), c(a)(3), c(c), d, d(5), d(6), e, e(2), e(8), e(10), e(11), f, f(1) and g(b).

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, Asset Acceptance, LLC and Order the following relief:

a. Declaratory judgment that the Defendant's conduct violated the FDCPA;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. §1692k;

d. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

e. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT TWO – FCEUA

29. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

30. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector and /or creditor pursuant to the FCEUA.

31. The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

32. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

33. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

34. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

35. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

36. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in her favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

    c.    An award of reasonable attorneys fees and expenses and costs of court; and

    d.    Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT THREE – PA UTPCPL

37.    The foregoing paragraphs are incorporated herein by reference.

38.    Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

39.    The Pennsylvania Unfair Trade Practices and Consumer Protection Law ("PA UTPCPL") proscribes, *inter alia*, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

40.    The action of Defendant, as aforesaid, constitutes unfair acts or practices under the PA UTPCPL, by way of the following, *inter alia*:

    a.    Defendant misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

    b.    Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

    c.    Defendant failed to comply with the FDCPA and FCEUA which are *per se* violations of the PA UTPCPL.

41.    As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

42. By virtue of the violations of law aforesaid and pursuant to the PA UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in her favor and against Defendant, and Order the following relief:

a. An Order declaring that Defendant violated the UTPCPL;

b. Actual damages;

c. Treble damages;

d. An award of reasonable attorney's fees and expenses and cost of suit; and

e. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## COUNT FOUR – NEGLIGENCE

43. Plaintiff incorporates the foregoing paragraphs as if the same were set forth at length herein.

44. Defendant was negligent in that it repeatedly failed to bring its actions as well as that of its agents, in connection with the collection of an alleged debt, within compliance of State and Federal Laws.

45. As a result of Defendant's above mentioned conduct, Plaintiff sustained and continues to sustain the losses and damages set forth herein.

46. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to

Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate the Plaintiff for the full amount of actual and compensatory damages, as well as such further relief, as may be permitted by law.

## V.   JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date:   July 22, 2009          BY: /s/Brent F. Vullings
                                                Brent F. Vullings, Esquire
                                                Warren & Vullings, LLP
                                                1603 Rhawn Street
                                                Philadelphia, PA  19111
                                                215-745-9800   Fax 215-745-7880
                                                Attorney for Plaintiff